JOSEPH F. KNIGHT, Appellant, *v.* EMMONS BROTHERS COMPANY, Respondent.

First Department, February 1, 1918.

**Pleading — complaint alleging refusal to perform contract — when order sustaining demurrer will be reversed.**

Where upon its face a complaint alleging defendant's refusal to perform a certain contract creating plaintiff sole selling agent for defendant's entire production of a certain kind of hats states a complete cause of

action, an order sustaining a demurrer on the assumption that the defendant's refusal might have been based on its determination to discontinue the manufacture of hats of the kind specified will be reversed. It was not for plaintiff to assign a reason for defendant's breach of the contract; that was a matter for defendant to plead.

APPEAL by the plaintiff, Joseph F. Knight, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of May, 1917, granting defendant's motion for judgment on the pleadings consisting of a complaint and the demurrer thereto.

*George W. Files,* for the appellant.

*Walter L. Post* of counsel [*Charles M. Russell,* attorney], for the respondent.

SCOTT, J.:

The complaint alleges a refusal on the part of defendant to perform a certain contract, and asks damages for the breach. The contract, which is annexed to the complaint, creates plaintiff sole selling agent for defendant's entire production of men's and boys' fur and wool hats for a certain specified territory, for which plaintiff was to be paid a stipulated commission. Upon its face the complaint states a complete cause of action, and is not obnoxious to a demurrer, which seems to have been sustained because it was assumed that defendant's refusal might have been based upon its determination to discontinue altogether the manufacture of hats of the kind specified. No such fact is suggested by the complaint or demurrer. All we find is a complaint setting forth a contract and its breach. It was no part of plaintiff's duty to assign a reason for defendant's breach. That was a matter for defendant to plead.

If the defendant had answered and had set up as a reason for its action the discontinuance of manufacture there would have been presented a sufficient excuse. The contract, as pleaded, did not bind defendant to manufacture any particular number of hats, or any at all. All that it did undertake was that plaintiff should be the selling agent for such hats, of the kind specified, as defendant might manufacture, to wit,

of defendant's " entire production." If defendant elected to discontinue the manufacture so that there should be no production, there would be nothing for plaintiff to sell. But, as has been said, this question is not raised by the complaint and demurrer.

It follows that the order appealed from must be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to defendant to withdraw the demurrer and answer upon payment of said costs within twenty days.

CLARKE, P. J., LAUGHLIN, PAGE and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to defendant to withdraw demurrer and to answer on payment of costs.